## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES WATSON,** | : | **No. 3:24cv2035** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Arbuckle)** |
| **JOSEPH PETERS, et al.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court for disposition is the report and recommendation ("R&R") of Magistrate Judge William I. Arbuckle, which recommends that Plaintiff James Watson's complaint be dismissed without leave to amend. Plaintiff filed a "Notice of Appeal," which the court construes as objections to the R&R. For the reasons that follow, the objections will be overruled. The R&R will be adopted and the case will be dismissed.

## Background

Plaintiff, a state prisoner, filed the instant *pro se* civil rights complaint on November 22, 2024. (Doc. 1). The court granted him leave to proceed *in forma pauperis*. (Doc. 15). Defendants are: 1) Joseph Peters, District Attorney of Wyoming County; 2) Debra Hiese, First Assistant District Attorney of Wyoming County; and 3) the Court of Common Pleas of Wyoming County.

According to plaintiff, he was "accused and sentenced" to 11 to 60 months imprisonment for criminal solicitation-corruption of minors and criminal solicitation-indecent assault of a person less than 16 years of age. (Doc. 1, Compl., p. 4). Plaintiff claims that defendants did not allow him to see any of the alleged evidence against him, which prevented him from confirming "anything." (Id.) Plaintiff signed a nolo contendere plea on December 29, 2023. (Id.) Plaintiff alleges that he did not intend to plead nolo contendere. (Id.) He claims he thought he was entering into a plea of not guilty. (Id.) Additionally, plaintiff asserts that he filed a Post Conviction Relief Act ("PCRA") petition on November 8, 2024. (Id.)

Plaintiff's *pro se* complaint relies upon Brady v. Maryland, 373 U.S. 83 (1963), to allege that the prosecution violated his Fourteenth Amendment rights by withholding evidence used to convict him. (Doc. 1, p. 5). Plaintiff further alleges in an attachment to the complaint that he wrote letters to Defendant Hiese seeking the evidence against him. (Doc. 1-2, p. 1). Plaintiff asserts that the Wyoming County District Attorney's Office is not responding to his requests because they either do not have the evidence leading to his indictment or it never existed at all. (Id.)

Plaintiff's complaint specifically alleges that defendants violated Article 1, Section 9, of the Pennsylvania Constitution, dealing with rights of the accused in

2

criminal prosecutions. (Doc, 1-2, p. 4). Plaintiff's complaint can also be liberally

construe to assert a claim under 42 U.S.C. § 1983 ("Section 1983") for the

violation of his Fourteenth Amendment due process rights arising from an alleged

Brady violation. Plaintiff requests release from prison, dismissal of charges, and

monetary relief for "loss of life, house and job as well as mental and emotional

trauma." (Doc 1, p. 5).

Plaintiff's complaint was referred to Magistrate Judge Arbuckle for

preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and the issuance of an

R&R. After reviewing the law relative to federal pleading requirements and the

Fourteenth Amendment, the R&R recommends dismissal pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim. (Id. at 1). Plaintiff has responded to

the R&R with two separate letters. (Docs. 17-18). The court will construe those

letters as timely-filed objections to the R&R, which brings the case to its present

posture.[1]

**Jurisdiction**

As plaintiff brings suit pursuant to Section 1983, the court has federal

question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or

---

[1] "A document filed pro se is 'to be liberally construed[.]' " Erickson v. Pardus, 551 U.S. 89, 94, (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

treaties of the United States.").  The court has supplemental jurisdiction over the

plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

In disposing of objections to a magistrate judge's report and

recommendation, the district court must make a *de novo* determination of those

portions of the report against which objections are made. 28 U.S.C. §

636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

The court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. Henderson v. Carlson, 812

F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further

evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Plaintiff's complaint advances two discernable claims, one pursuant to

Section 1983 for violation of his Fourteenth Amendment rights and one for

violation of his state constitutional rights.  The R&R concludes that plaintiff's

Section 1983 claim is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Consequently, the R&R recommends that the court decline jurisdiction over any

state constitutional claim, to the extent that plaintiff intends to bring one and one

exists.

4

As for the individual defendants, the R&R recommends dismissal of the Section 1983 claim against Defendant Wyoming County Court of Common Pleas with prejudice based upon the principles of sovereign immunity. Regarding Defendants Peters and Hiese, the R&R recommends that plaintiff's Section 1983 claim be dismissed without prejudice.

Plaintiff's objections lack specific reference to the magistrate judge's findings in the R&R. They merely reiterate his arguments about violations of his rights. (Docs. 17, 18). Providing a complete *de novo* determination where only general objections to an R&R are offered, "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). Given the general nature of the plaintiff's objections, the court will not address those objections under the more stringent *de novo* standard of review. The court will limit its review to three overarching considerations: 1) whether plaintiff's Section 1983 claim is precluded by Heck at the present time; 2) whether his claim against Defendant Wyoming County Court of Common Pleas should be dismissed with prejudice; and 3) in the absence of a valid federal claim, whether the court should exercise supplemental jurisdiction.

The R&R addresses Plaintiff's Section 1983 claim and finds that it is barred by Heck. Pursuant to Heck, an action seeking damages for an unconstitutional malicious prosecution, conviction, or imprisonment under Section 1983 is barred

5

if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. This bar is also known as the Heck's "favorable termination rule," Bronowicz v. Allegheny Cty., 804 F.3d 338, 344–45 (3d Cir. 2015), which warrants the dismissal of a Section 1983 action for damages unless "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487.

Plaintiff entered a nolo contendere plea for the charges brought by Defendants Peters and Hiese. (Doc. 1, p. 4). Pennsylvania law treats a nolo contendere plea the same as a conviction under Heck. Curry v. Yachera, 835 F. 3d 373, 378 (3d Cir. 2016) (citing United States v. Poellnitz, 372 F.3d 562, 566 (3d Cir. 2004)). Pennsylvania law does not treat a nolo contendere plea as an admission of guilt. Poellnitz, 372 F.3d at 568 (citing Commonwealth v. Gunter, 771 A.2d 767, 773 (Pa. 2001) (quotation marks omitted)). However, such a plea is equivalent to a guilty plea because the defendant "consents to being punished as if he were guilty." Id. In the instant case, Plaintiff does not allege that his conviction was invalidated. The state court docket indicates that the PCRA Petition, (Doc. 1-1, p. 1), filed by plaintiff on November 8, 2024, is still pending.[2] As noted in the R&R, plaintiff has not demonstrated that his state court conviction

---

[2] Commonwealth v. James Watson, Docket No. CP-66-CR-0000123-2023 (available at: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-66-CR-0000123-2023&dnh=%2FjpedIYlwl%2FEpM6OuXzk8w%3D%3D) (last accessed June 9, 2025).

has been reversed or called into question.  Plaintiff cannot satisfy the favorable termination rule and his Section 1983 claim is, therefore, barred by Heck.

The R&R recommends dismissing two defendants without prejudice and one with prejudice.  As the R&R suggests, plaintiff's Section 1983 claim against Defendants Peters and Hiese will be dismissed without prejudice.  This is the case because disposition on Heck grounds "warrants only dismissal without prejudice." Yachera, 835 F. 3d at 379 (quoting Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999).  Plaintiff "could renew these claims [barred by Heck] if he ever succeeds in overturning his conviction[.]" Yachera, 835 F. 3d at 379 (quoting Perez v. Sifel, 57 F.3d 503, 505 (7th Cir. 1995).  Seeing no error in the R&R's analysis, dismissal without prejudice is appropriate regarding the claim against Defendants Peters and Hiese.

As for plaintiff's Section 1983 claim against Defendant Wyoming County Court of Common Pleas, however, the R&R concludes that the claim is barred by the sovereign immunity afforded to the Wyoming County Court of Common Pleas under the Eleventh Amendment. (Doc. 16).  Thus, Magistrate Judge Arbuckle recommends dismissal of that defendant with prejudice.  Plaintiff's objections reference the Eleventh Amendment, but do not call the R&R's sovereign immunity analysis into question. (Doc. 17).  Therefore, seeing no plain error or manifest injustice, the R&R will be adopted and the plaintiff's Section 1983 claim

against Defendant Wyoming County Court of Common Pleas will be dismissed with prejudice.

The R&R also suggests that the plaintiff should not be afforded an opportunity to amend the complaint because he cannot show his criminal case has terminated in his favor. (Doc. 16, p.12). Defendant's general objections do not challenge this recommendation. (Docs. 17, 18). Where a plaintiff is proceeding *in forma pauperis*, he should receive leave to amend his complaint unless such amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Similarly, if a civil rights complaint is subject to dismissal for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. County. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). As indicated above, however, plaintiff failed to show that his conviction has been invalidated. Accordingly, granting plaintiff leave to amend his complaint would be futile in this case.

**Conclusion**

For the reasons set forth above, the court will overrule plaintiff's objections to the R&R. The R&R will be adopted, and plaintiff's complaint will be dismissed. Plaintiff's claim against Peters and Hiese will be dismissed without prejudice. Plaintiff's claim against Wyoming County Court of Common Pleas will be

8

dismissed with prejudice. The court will decline to exercise jurisdiction over the state law cause of action. The Clerk of Court will be directed to close this case.

An appropriate order follows.

Date: 6-9-25

JUDGE JULIA K. MUNLEY
United States District Court